IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

**FILED**

DEC 28 1998

LARRY W. PROPES, CLERK
FLORENCE, S. C.

| | |
|---|---|
| The Catawba Indian Tribe of South Carolina a/k/a Catawba Indian Nation,  )<br>)<br>) | Civil Action No. 4:97-3000-22 |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| City of North Myrtle Beach and Horry County, ) | |
| Defendants. ) | |

The Defendant, City of North Myrtle Beach, has suggested to this Court that notice should be given to the South Carolina Attorney General and to the United States Attorney General in accordance with 28 U.S.C. § 2403. The Defendant, Horry County, agrees that such notice should be given. The Plaintiff, however, objects to providing such notice.

The Court is aware that certification under 28 U.S.C. § 2403 is "a duty of the court that should not be ignored, even if the claim is obviously frivolous or may be disposed of on other grounds." Merrill v. Town of Addison, 763 F.2d 80, 82 (2d Cir. 1985). Such certification is not discretionary with the court. Id.

57

A careful review of the Plaintiff's third amended complaint demonstrates that the constitutionality of S.C. Code Ann. § 27-16-110(D) remains at issue in this litigation. Contrary to the Plaintiff's position, the Court does believe that the constitutionality of S.C. Code Ann. § 27-16-110(D) would affect the public interest.

The Plaintiff also argues that certification is unnecessary because the State of South Carolina was originally a party in this action and was dismissed on its own motion. The Court disagrees. There is a difference between being a defendant in an action seeking money damages and being an intervenor for purposes of defending the constitutionality of a state statute. The fact that the State of South Carolina obtained a dismissal as a party-defendant should not result in a waiver of its right to seek intervenor status under 28 U.S.C. § 2403(b).

It should also be mentioned that this Court is not certain whether the constitutionality of a federal statute is called into question in this litigation. There is no question that S.C. Code Ann. § 27-16-110(D) is a state statute. However, an argument may also be made that the state implementing legislation, including S.C. Code Ann. § 27-16-110(D), has affirmatively been adopted by Congress as federal law. See, 25 U.S.C. § 941b(a)(2). The Court will not decide that issue at this time. However, such an argument at least convinces this Court that notice under 28 U.S.C.

2

§ 2403(a) should be given to the United States Attorney General.

This Court, therefore, concludes that both the South Carolina Attorney General and the United States Attorney General should be notified in accordance with 28 U.S.C. § 2403 that the constitutionality of S.C. Code Ann. § 27-16-110(D) is at issue in this litigation.

The Clerk of Court is hereby directed to provide the South Carolina Attorney General with a copy of this Order. The Clerk of Court is also directed to provide a copy of this Order to the United States Attorney's Office in Columbia, South Carolina. The United States Attorney's Office is requested to forthwith provide a copy to the appropriate official with the United States Justice Department in Washington, D.C.

IT IS SO ORDERED.

CAMERON McGOWAN CURRIE
United States District Judge

Florence, South Carolina
December 28, 1998